**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) Chapter 11 |
| **VERIFIED IDENTITY PASS, INC.** | ) |
| | ) |
| Debtor | ) Case No. 09-17086-SMB |
| | ) |

## ORDER ESTABLISHING BID PROCEDURES

Verified Identity Pass, Inc., the debtor and debtor-in-possession in the above captioned case (the "Debtor"), having filed its *Motion by Debtor For Approval of Bidding Procedures and Termination Fee Provision in connection with Debtor's Motion to Authorize Sale of Debtor's Assets by Private Sale Free And Clear of Liens, Claims And Interests* (the "Bid Procedures Motion")[1] seeking the approval of bid procedures with respect to the Debtor's proposed sale of the Debtor's assets by private sale; and the Court having considered the Bid Procedures Motion and all pleadings associated with that motion; and upon the arguments of counsel and the evidence presented at the hearing on the Bid Procedures Motion; and after due deliberation and sufficient cause therefore,

**THIS COURT HEREBY FINDS THAT**:

    A.    Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Bid Procedures Motion.

    B.    This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of the Bankruptcy Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

C. The Debtor has filed the *Debtor's Motion (A) to Authorize Debtor to Effectuate Asset Purchase Agreement With Henry, Inc.; (B) to Authorize Sale of The Debtor's Assets by Private Sale Free And Clear of Liens, Claims And Interests; and (C) For Related Relief* (the "Sale Motion"), which seeks approval of an asset purchase agreement (the "APA") that contemplates the sale of the Debtor's assets, including any and all physical assets, proprietary technology, intellectual property and certain customer information (the "Assets") by private sale free and clear of all liens, claims and interests.

D. The Court has scheduled a hearing on the Sale Motion on February 2, 2010 at 10:00 a.m. (the "Sale Hearing").

E. Good and sufficient cause exists for the entry of this Order.

**NOW THEREFORE,** it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Bid Procedures Motion is hereby granted to the extent set forth herein.

2. The Notice of Sale is hereby approved.

3. The following bid procedures shall apply to the sale of the Assets:

   a. Any competing bid for the Assets shall be deemed to qualify as a competing bid (a "Competing Bid") only if: (i) made upon terms substantially similar to those set forth in the APA for the purchase of substantially all of the assets described in the APA; (ii) the purchase price of the Assets must be in an amount at least $100,000 greater than the sum of the Purchase Price and the Bidding Incentives (as defined below) including the assumption of all obligations of the Seller under the agreements, contracts, leases, licenses and other arrangements set forth on Schedule 1 to the Sale Motion either (x) to furnish goods, services and other non-cash benefits to another party after closing or (y) to pay for goods, services and other non-cash benefits that another party will furnish to it after closing; and (iii) such competing bid contains the information and satisfies the requirements for constituting a "Competing Bid" set forth in the other clauses of this Section 3.

b.  A Competing Bid must be served on counsel for the Debtor, the Buyer and the Agent on or before 5:00 p.m. on January 27, 2010 (the "Bidding Deadline").

c.  A Competing Bid for the Assets must be accompanied by an executed asset purchase agreement in the form of the APA, in all cases with such changes as are acceptable to the entity submitting the Competing Bid, including a purchase price expressed in U.S. Dollars and accompanied by all exhibits and schedules thereto.

d.  The terms and conditions of the Competing Bid must be, in aggregate, not materially more burdensome to the Debtor than the provisions contained in the APA. A Competing Bid must not be subject to contingencies for financing or the completion of due diligence or contain any expense reimbursement or break-up or termination fee.

e.  Any person who submits a Competing Bid (a "Competing Bidder") must deliver a cash deposit to counsel for the Debtor at the time of submission of such bid in the amount of $50,000. The cash deposit shall be in the form of a certified check or wire transfer, and must be received on or before the Bidding Deadline. The deposit delivered by a competing bidder will be forfeited in the event that such competing bidder is the successful bidder and fails to close on the sale through no fault of the Debtor.

f.  Any Competing Bidder shall demonstrate to the Debtor's satisfaction (in consultation with the Agent and any Official Committee of Unsecured Creditors ("Committee") appointed in this case) that: (i) it is financially able to consummate the transactions contemplated by the Competing Bid, which ability may be demonstrated by submission of bank statements, current audited or unaudited financial statements, or other reasonable evidence, or, if the bidder is an entity formed for the purpose of acquiring the assets in question, current audited or unaudited financial statements or other reasonable evidence of the financial capability of the equity holders of the bidder, (ii) it is able to fulfill any remaining obligations under the respective asset purchase agreement(s), and (iii) it has written evidence of a non-contingent, unconditional financing commitment sufficient to permit the consummation of the transactions in question.

g.  Any party who wishes to view available information with respect to the Assets, must execute a confidentiality agreement with the Debtor. All such confidentiality agreements shall have a 1-year term and shall be assignable to the buyer of the Assets.

h.  An auction for the Assets shall be held only if there is a Competing Bid. In the absence of a Competing Bid, the Debtor shall seek approval of the Private Sale to the Buyer.

i. Bidding at any auction for the Assets shall be conducted by the Debtor on February 1, 2010 at 10:00 a.m. at the offices of Hanify & King, P.C., 1359 Broadway, Suite 2001, New York, New York 10018. The auction shall be conducted in accordance with rules established by the Debtor (in consultation with the Agent) designed to maximize the value of the Assets consistent with the Debtor's fiduciary duties to its estate. Any bids for the Assets after the initial Competing Bid for the Assets shall be accepted only if such bid is at least $50,000 greater than the previously submitted bid.

j. Only persons that have submitted a timely, qualified Competing Bid may participate in any auction.

k. Any Competing Bidder with the second highest and best bid shall its offer open until the Closing and must agree to close in the event the party who submits the successful bid fails to close.

l. At the auction, the Debtor (in consultation with the Agent and the Committee) will take the Bidding Incentives (as defined below) into account when considering which offer constitutes the highest and best offer, and with respect to the minimum incremental overbid requirement established pursuant to clause (a) above.

m. The Closing shall occur on or before the thirtieth day following the entry of an order approving the Sale Motion.

n. Any Committee shall have the same consultation rights as the Agent under the terms of the APA. Any consultation rights of the Agent shall terminate if the Agent submits a Bid for the Assets.

o. Sections 7.1(j), 7.1(n) and 7.1(o) of the APA have been waived by the Buyer and shall have no further force and effect.

4. If the party submitting the highest and best offer fails to close on the sale of the Assets, the Debtor is authorized, but not directed, to sell the Assets to the party submitting the second highest or best offer, the Back-up Bid, without further Court approval.

5. In the event the party who submits the highest and best bid for the Assets fails to close on the sale through no fault of the Debtor, such party's Deposit, if applicable, shall be forfeited to the Debtor.

6. In the event that a party submits an offer which is determined not to be the highest and best offer, any Deposit submitted in connection with such offer shall be returned to the offeror in accordance with the applicable terms of this Order and the APA.

7. The Bidding Incentives are deemed reasonable and shall be payable from the proceeds of any sale of the Assets to a Competing Bidder (or an Alternative Transaction, as that term is defined in the APA) for any reason other than a material breach of the APA by the Buyer, provided that the Termination Fee shall be $120,000 and the Expense Reimbursement shall be up to $150,000 of Buyer's expenses.

8. Notwithstanding anything herein to the contrary the Agent (i) does not need to submit a Competing Bid to participate in or attend the auction and (ii) shall have the right to credit bid, solely to the extent of its allowed secured claim, for the assets at the auction pursuant to Bankruptcy Code section 363(k).

9. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

                                                  **/s/ STUART M. BERNSTEIN**
                                                  Honorable Stuart M. Bernstein
                                                  UNITED STATES BANKRUPTCY JUDGE

Dated: December 23, 2009
      New York, New York