Michael Friedman
Keith N. Sambur
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Morgan Stanley Senior Funding, Inc. and
Morgan Stanley & Co. Incorporated*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re                                                                    : Chapter 11

VERIFIED IDENTITY PASS, INC.,                 : Case No. 09-17086 (SMB)

                 **Debtor.**                                  :

                                                         :

------------------------------------------------------------x

## LIMITED OBJECTION OF MORGAN STANLEY SENIOR FUNDING, INC. AND MORGAN STANLEY & CO. INCORPORATED TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VERIFIED IDENTITY PASS, INC. FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS COUNSEL TO THE COMMITTEE

Morgan Stanley Senior Funding, Inc. ("MSSF"), in its capacities as Administrative Agent, Syndication Agent and Lender, and Morgan Stanley & Co. Incorporated ("MS&Co." and together with MSSF, "MS") in its capacity as Collateral Agent, under that certain Senior Secured Credit Agreement dated as of December 21, 2006, among Verified Identity Pass, Inc. (the "Debtor"), the other Credit Parties thereto from time to time as Guarantors, the Lenders party thereto from time to time, MSSF, as Administrative Agent and Syndication Agent, and

572693.7/2341-00043

MS&Co. as Collateral Agent, by their undersigned attorneys, hereby file this limited objection (the "Objection") to The Application of the Official Committee of Unsecured Creditors of Verified Identity Pass, Inc. for Entry of an Order Authorizing the Employment and Retention of Arent Fox LLP as Counsel to the Committee (the "Retention Application").

## BACKGROUND

1. On December 1, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Court"). The Debtor is a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. Prior to the formation of the Official Committee of Unsecured Creditors (the "Committee"), certain creditors of the Debtor formed an ad hoc committee and engaged Arent Fox LLP ("Arent Fox") to represent them in their dealings with the Debtor. *See* Retention Application ¶ 3.

3. On December 21, 2009, the Office of United States Trustee for the Southern District of New York formed the Committee and appointed three (3) members to the Committee pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code.

4. On December 24, 2009, Committee selected and formally voted to retain Arent Fox as its proposed counsel, subject to approval of the Court.

5. On January 25, 2010, the Committee filed the Retention Application seeking to retain Arent Fox *nunc pro tunc* to December 15, 2009, a date that is earlier than the date of the

actual formation of the Committee and also earlier than the date on which the Committee elected to retain Arent Fox as its proposed counsel.

6. On January 26, 2010 MS requested that Arent Fox make certain changes to the form of order (the "Proposed Order") attached to the Retention Application. On January 27, 2010 Arent Fox declined to make these changes.

## OBJECTION

7. MS does not object to the retention of Arent Fox as counsel to the Committee. Rather, MS objects to portions of the Proposed Order that ask this Court to pre-determine issues related to the payment and priority of fees and expenses that presumably will be sought by Arent Fox in the future as Committee counsel. For example, the Retention Order asks this Court to so order that (i) "compensation and reimbursement of expenses to be paid to Arent Fox LLP shall be paid as an administrative expense of the Debtor's estates ... " and (ii) "Arent Fox's hourly rates for its paralegals and attorneys set forth in the Silfen Declaration are reasonable ...". *See* Retention Order, p 2.

8. The Retention Application itself does not request a determination by the Court as to the priority or reasonableness of any fees that may be sought by Arent Fox in the future, yet the Proposed Order submitted with the Retention Application requests the Court to make such a finding. Although the Committee may select and employ counsel under section 1103 of the Bankruptcy Code, the Committee cannot dictate the terms of such counsel's compensation. *See* 11 U.S.C. § 1103.

9. Bankruptcy Code sections 328 and 330 contain the procedural and substantive standards for considering and awarding compensation to professionals. These sections provide

that the Court, in its discretion, may award compensation that is different from the rates and conditions described in retention applications and in amounts less than the amount requested. *See* 11 U.S.C. §§ 328(a) and 330(a). Decisions regarding the reasonableness and priority of any fees and expenses of the proposed counsel for the Committee may only be made *following* submission of a fee application pursuant to Bankruptcy Code sections 330 and 331 – when the Court will have an opportunity to determine whether the fees are (i) for actual, necessary services rendered to the Committee and (ii) reasonable in light of the nature and quality of work performed. *See* 11 U.S.C. §§ 328, 330-331. For similar reasons, the second ordered paragraph in the Proposed Orders is inappropriate because (i) whether employment is necessary and in the best interests of the Debtor's estate cannot be determined until after a professionals makes an application, not in advance, and (ii) the reasonableness of rates charged cannot be determined without reference to the tasks actually performed

10. Separately, Arent Fox has requested that it be appointed as counsel to the Committee *nunc pro tunc* to December 15, 2009, even though the Committee was not formed until December 21, 2009 and did not select Arent Fox as its proposed counsel until December 24, 2009. Any work that Arent Fox may have performed prior to December 24, 2009 in connection with the Debtor's chapter 11 proceeding was not and could not be behalf of the Committee. Accordingly, there is no basis to appoint Arent Fox as counsel to the Committee *nunc pro tunc* to December 15, 2009. The appropriate date to confer *nunc pro tunc* relief, if any, would be December 24, 2009, the date the Committee selected Arent Fox as its proposed counsel.

11. Accordingly, MS respectfully requests that the Court make the following changes to the Proposed Order, which are also set forth on a redlined copy of the Proposed Order attached hereto as Exhibit A:

    (A) Deletion of the second ordered paragraph which requests that the Court so order (i) Arent Fox's employment as being in the best interest of the Debtor's estates and (ii) that the rates being charged are reasonable;

    (B) Deletion of language in the third ordered paragraph that so orders retention of the Arent Fox *nunc pro tunc* to December 15, 2009; and

    (C) Deletion of language in the fourth ordered paragraph that compensation and reimbursement requested by Arent Fox be paid as an administrative expenses of the Debtor's estates.

572693.7/2341-00043

WHEREFORE, MS requests (i) that certain changes be made to the Proposed Order as set forth on a redlined copy of the Proposed Order which is attached hereto as Exhibit A and (ii) such other relief as the Court deems just and proper.

Dated: New York, NY
February 1, 2010

/s/ Michael Friedman
Michael Friedman
Keith N. Sambur

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys Morgan Stanley Senior Funding, Inc. and Morgan Stanley & Co. Incorporated*

572693.7/2341-00043