Stephen M. Mertz, Esq.
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402-3901
Telephone: (612)-766-7223
Facsimile: (612)-766-1600

Gary S. Lee, Esq.
Dennis P. Orr, Esq.
Renee L. Freimuth, Esq.
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-17086 (SMB) |
| Verified Identity Pass, Inc., | Chapter 11 |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF HENRY, INC. TO DEBTOR'S MOTION
(A) TO AUTHORIZE DEBTOR TO EFFECTUATE ASSET PURCHASE
AGREEMENT WITH HENRY, INC. (B) TO AUTHORIZE SALE OF
<u>CERTAIN OF THE DEBTORS' ASSETS BY PRIVATE SALE FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS, AND (C) FOR RELATED RELIEF</u>**

Henry Incorporated, by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to Debtor's Motion (A) to Authorize Debtor to Effectuate Asset Purchase Agreement with Henry, Inc. (B) to Authorize Sale of Certain of the Debtor's Assets by Private Sale Free and Clear of Liens, Claims and Interests, and (C) for Related Relief.[1] In support of its Objection, Henry states as follows:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Sale Motion.

## BACKGROUND

1.     On December 1, 2009 (the "Petition Date"), Verified Identity Pass, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses as debtors in possession.

2.     On December 3, 2009, the Debtor filed its Motion (A) to Authorize Debtor to Effectuate Asset Purchase Agreement with Henry, Inc. (B) to Authorize Sale of Certain of the Debtors' Assets by Private Sale Free and Clear of Liens, Claims and Interests, and (C) for Related Relief (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor sought authority to sell its assets to Henry pursuant to that certain Asset Purchase Agreement dated December 1, 2009 (the "APA").

3.     Also on December 3, 2009, the Debtor filed its Motion for Approval of Bidding Procedures and Termination Fee Provision in Connection with the Debtor's Motion to Authorize Sale of Debtor's Assets by Private Sale Fee and Clear of Liens, Claims and Interests (the "Bid Procedures Motion"). On December 23, 2009, this Court entered an order approving the Bid Procedures Motion (the "Bid Procedures Order").

4.     Pursuant to the Bid Procedures Order, on January 27, 2009, Alclear LLC ("Alclear") submitted a Competing Bid for the Assets, and an Auction was conducted on February 1, 2010. As a result of the Auction, the Debtor determined that Alclear submitted the highest and best offer for the Assets.

5.     This Court conducted a hearing on the Sale Motion on February 2, 2010 at 10:00 a.m. (the "Sale Hearing"). At the Sale Hearing, Henry raised an objection to the sale of the Assets to Alclear on the grounds that Alclear did not have the highest and best offer, and Henry was ready, willing and able to submit and did submit a higher and better bid. Following testimony on this

issue at the Sale Hearing, this Court overruled Henry's objection and declared Alclear to be the highest and best bidder for the Assets. As a result, Henry is currently the back-up bidder for the Assets. Pursuant to the Bid Procedures Order, if Alclear fails to close on the sale of the Assets, the Debtor is authorized to sell the Assets to Henry without further Court approval.

6. The Sale Hearing was continued to February 9, 2010 at 10:00 a.m. to allow the Debtor and Alclear sufficient time to resolve the remaining objections to the Sale Motion, including the objection filed by the Greater Orlando Aviation Authority.

7. On February 6, 2010, Henry received from the Debtor a draft of the revised order approving the Sale Motion with comments by Alclear, which included among other comments, proposed language affecting the rights of Henry. On February 8, 2010, Henry received from the Debtor a further revised order (the "Revised Order") that, among other revisions, includes the following language, which was similar to language included in the draft of the revised order circulated on February 6th:

> So long as the APA is not terminated, except for any Assumed Liabilities, all persons and entities, including the Second Highest Bidder and any of its affiliates, successors or assigns, are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with (i) the ability of the Debtor to sell and transfer the Acquired Assets to Buyer and (ii) the ability of the Buyer to purchase the Acquired Assets and operate its business.

8. On February 7, 2010, Henry provided its comments to the Debtor regarding the revised order received on February 6, 2010 and specifically advised the Debtor and Alclear that, among other things, the language proposed by Alclear, which was substantially similar to the language set forth above from the Revised Order (the "Proposed Language") is an unwarranted attempt by the Debtors and Alclear to prohibit Henry from conducting business with airports and

3

ny-910387

other parties in a way that is not prohibited by the APA, any Court order or otherwise.[2] Henry further advised the Debtor and Alclear that the Proposed Language is an injunction that was not properly sought from the Bankruptcy Court, and that absent a motion, hearing and a showing that the standards for an injunction have been met, the Proposed Language cannot be included in the order submitted to this Court (the "Sale Order").

9. Henry has communicated with counsel for the Debtor regarding this matter, and has been advised that Alclear insists that the Proposed Language remain in the Sale Order. Accordingly, Henry submits this Limited Objection to the Sale Motion.

## ARGUMENT

10. Alclear is attempting to include language in the Sale Order that is inappropriate and will fundamentally restrict the right of Henry to conduct its business in a way that does not violate any Court order or any rights of the Debtor and/or Alclear provided under the APA. Specifically, the Proposed Language included in the Revised Order constitutes an injunction (i) that is impermissible and unwarranted under the terms of the APA, (ii) that was not properly sought from the Bankruptcy Court and, (ii) for which the legal requirements have not been met.

11. To obtain a permanent injunction, the party seeking the relief must show: (1) actual success on the merits, (2) the absence of an adequate remedy at law, and (3) irreparable harm if the requested relief is not granted. *See Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006). No such showing has been made here; indeed, Alclear has not even made the proper motion to obtain injunctive relief.

---

[2] In its communication to the Debtor regarding the Revised Order, Henry also requested that the Debtor clarify in the Sale Order that on the closing date, if the buyer is any entity other than Henry, (i) the break-up fee and expense reimbursement, as approved by the Bid Procedures Order, shall be paid to Henry from the Cash Proceeds, and (ii) Henry's deposit shall be returned. This requested language has not been included in the Revised Order. Henry reserves all rights to submit additional comments and objections to the Sale Order.

ny-910387

12. Accordingly, to obtain the drastic remedy of injunctive relief, the party seeking the relief must satisfy procedural and substantive requirements, none of which have been met by the Debtors or Alclear in this case. Moreover, Rule 7065(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires this Court to follow certain prerequisites concerning the entry of an order providing for injunctive relief. Rule 7065(d) provides:

> (1) Contents. Every order granting an injunction and every restraining order must:
>
> > (A) state the reasons why it issued;
> >
> > (B) state its terms specifically; and
> >
> > (C) describe in reasonable detail — and not by referring to the complaint or other document — the act or acts restrained or required.
>
> (2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> > (A) the parties;
> >
> > (B) the parties' officers, agents, servants, employees, and attorneys; and
> >
> > (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

*Federal Rule of Bankruptcy Procedure 7065(d).*

13. The Debtors and Alclear have not satisfied the procedural requirements set forth in Bankruptcy Rule 7065(d). The Sale Motion does not include any request for injunctive relief against any party. Prior to Alclear's inclusion of the Proposed Language in the Revised Order, to the best of Henry's knowledge, the Debtor did not intend to seek injunctive relief against any party in connection with the sale of the Assets. Further, as the stalking horse bidder, Henry did not request injunctive relief against any third parties or discuss the prospect of such relief with the Debtor. It is not proper for the Debtor and Alclear to seek additional substantive relief through the

5

inclusion of language in the Sale Order when that relief was not properly requested in connection with the Sale Motion, or by commencing an adversary proceeding for an injunction.

14. In addition to being procedurally improper, the inclusion of the Proposed Language is also unwarranted and substantially interferes with Henry's right to provide expedited airport security services. Henry understands, through the Debtor's own representations and the representations of the various parties who have filed objections to the Sale Motion, that nearly all, if not all, of VIP's contracts with the airports and other third parties were terminated prior the commencement of this chapter 11 case. Consistent with Henry's understanding, the Debtor believes that the airport contracts should not be included as Assets in the sale and has proposed to remove them from Schedule 1 to the APA. As the stalking horse bidder, it was Henry's understanding that what it was buying was principally customer data and the Clear name. As set forth above, there is nothing in the APA or any Order of this Court that prohibits Henry from conducting business relating to the provision of expedited airport security services.

15. Alclear does not have a contractual or other exclusive right to negotiate new deals with airports and third parties for the provision of fast pass services. Neither Henry, nor any other party, is prohibited from negotiating with airports or others to provide fast pass or any other related services. In fact, Henry believes that in the event that Alclear was not the ultimate Buyer of the Assets that it, too, intended to proceed with providing such services. The Proposed Language extends to not only to Henry, but to other entities, and proposes to prohibit any action that would "adversely affect or interfere with . . . the ability of the Buyer . . . to operate its business." This language effectively would prohibit any other present or future provider of fast pass services from competing with Alclear and would give Alclear a monopoly in the fast pass business. The

6
ny-910387

Proposed Language appears to be nothing more than an attempt by Alclear to chill competition for fast pass services and gain an unfair advantage in the market.

16. Finally, even if the Debtors and/or Alclear can satisfy the standards for a permanent injunction, which Henry believes they cannot, the Proposed Language in the Revised Order is vague and overbroad and does not address any specific conduct by Henry that is allegedly causing harm to the Debtors or Alclear. As set forth above, there is nothing in the APA or any Order of this Court that prohibits Henry from conducting business relating to the provision of fast pass services.

## **RESERVATION OF RIGHTS**

17. Henry reserves all rights and arguments regarding any future request for injunctive relief by the Debtors and/or Alclear that may be raised in this Court or elsewhere. Henry also reserves all rights to submit further comments and/or objections to the Sale Order and/or the APA to the extent such documents continue to be modified and until such time as they are approved by this Court.

**[continued on the following page]**

WHEREFORE, for the reasons set forth above, Henry respectfully requests that the Court deny the Sale Motion to the extent that the proposed order approving the Sale Motion includes the Proposed Language, or similar language, and as otherwise set forth herein.

Dated: February 8, 2009

Respectfully submitted,

By: /s/ Gary S. Lee
Gary S. Lee, Esq.
Dennis P. Orr, Esq.
Renee L. Freimuth, Esq.
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

-and-

Stephen M. Mertz, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402-3901
Telephone: (612)-766-7223
Facsimile: (612)-766-1600

*Counsel to Henry Incorporated*